UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOHN ROGERS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 4:14-cv-111-TWP-TAB |
| ) | |
| DIRECTOR, Clark County Work Release, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of John Rogers for a writ of habeas corpus challenges a Clark County Work Release disciplinary proceeding conducted in August 2014. The respondent moved to dismiss this action, alleging that Mr. Rogers failed to exhaust his administrative remedies. In briefing the motion, the respondent subsequently asserted that this case is moot because the good-time credits Mr. Rogers lost as a result of the challenged disciplinary proceeding have been restored and, therefore, nothing this Court does could impact the duration of his custody.

In light of the respondent's mootness argument, the Court ordered Mr. Rogers to show cause why this case should not be dismissed as moot. However, the Court's show cause order was returned as undeliverable. It is Mr. Rogers's obligation to update the Court with his current address, and he has failed to do so. Given this, Mr. Rogers has not responded to the Court's show cause order.

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. Prisoners may allege such a violation by bringing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

A petition brought pursuant to § 2254, like any other case, "becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to § 2254 only if it finds the applicant "is in *custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, if the result of the habeas case can no longer "affect the duration of [the petitioner's] custody," the case is moot. *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Here, the respondent presented the Court with undisputed evidence that Mr. Rogers's good-time credits that he lost as a result of the challenged disciplinary proceeding have been restored. Therefore, the resolution of this case can no longer affect the duration of Mr. Rogers's custody, making this case moot. *See id.* For this reason, the respondent's motion to dismiss [dkt. 12] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/5/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Rogers
No. 881376
Clark County Work Release
501 E. Court Avenue
Room 310
Jeffersonville, IN 47130

Electronically Registered Counsel